Howard Rutten (SBN 164820)
howard@ruttenlawfirm.com
Elvira Kamosko (SBN 334704)
elvira@ruttenlawfirm.com
**The Rutten Law Firm, APC**
21860 Burbank Boulevard, Suite 340
Woodland Hills, California 91367
Telephone: (818) 308-6915

Attorneys for Plaintiff
Priscilla Stuebner, an individual

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA STUEBNER, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>CENTRAL CALIFORNIA BAKING COMPANY; an Oregon corporation,<br><br>    Defendants.<br><br>―――――――――――――――<br><br>*UNLIMITED CIVIL CASE*<br><br>*Amount in controversy > $25,000*<br><br>―――――――――――――――<br><br>***JURY TRIAL DEMAND*** | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **Interference in Violation of the California Family Rights Act (Gov. Code § 12945.2);**<br>2. **Retaliation in Violation of the California Family Rights Act (Gov. Code § 12945.2);**<br>3. **Disability Discrimination (Gov. Code § 12940(a));**<br>4. **Failure to Accommodate Disability (Gov. Code § 12940(m));**<br>5. **Retaliation for Requesting Accommodation for Disability (Gov. Code § 12940(m)(2));**<br>6. **Failure to Engage in Timely, Good Faith Interactive Process (Gov. Code § 12940(n));**<br>7. **Failure to Reimburse Business Expenses in Violation of Labor Code §2802; and**<br>8. **Wrongful Termination in Violation of Public Policy.** |

1
COMPLAINT FOR DAMAGES

Plaintiff, PRISCILLA STUEBNER, hereby complains against Defendant CENTRAL CALIFORNIA BAKING COMPANY, and alleges as follows:

**PARTIES**

1. Plaintiff PRISCILLA STUEBNER ("Plaintiff") is an individual over the age of eighteen years old, currently residing in the State of California, County of Fresno, and with the intent to remain a resident of California.

2. Defendant CENTRAL CALIFORNIA BAKING COMPANY purports to be a foreign corporation existing under Oregon law. Said Defendant, at all relevant times herein, was Plaintiff's employer within the meaning of the California Fair Employment and Housing Act, Government Code sections 12900 et seq. ("FEHA"), including, but not limited to, section 12940.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this matter because the amount in controversy exceeds the sum of value of $75,000 and the parties are citizens of different States.

4. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claim occurred in Tulare County, California.

**STATEMENT OF FACTS**

5. On or about July 27, 2020, Defendant employed Plaintiff as a Human Resources Manager. At the time of her termination on or about October 25, 2021, Plaintiff was earning a salary of $103,000 plus benefits.

6. In or about May 2021, and at all times relevant, Plaintiff had a physiological disease, disorder, or condition which affected her digestive system, including, but not limited to, diverticulitis and irritable bowel syndrome, qualifying as a physical disability within the meaning of Government Code section 12926(m) and/or serious health condition within the meaning of Government Code section 12945.2.

7. As a result of Plaintiff's disability and/or serious health condition, she was placed off work by her doctor on or about June 22, 2021, and from on or about August 11, 2021, to on

or about August 15, 2021.

8. Plaintiff's symptoms persisted and her doctor placed her on intermittent leave which allowed her to be off work up to three days per month, from September 8, 2021, to on or about December 8, 2021, for exacerbation of her chronic medical condition.

9. As a result of Plaintiff's disability, and/or her requesting accommodations for same and/or because she requested and/or took family care and medical leave for her serious health condition, Defendant terminated Plaintiff's employment effective on or about October 25, 2021.

10. During her employment, Plaintiff incurred business expenses on her personal credit card that have not been reimbursed by Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff has timely filed charges against Defendant with the California Department of Fair Employment and Housing (DFEH), and received a Right- to-Sue letter from the Department regarding the employment-related claims asserted in this action. Accordingly, Plaintiff has fully exhausted all administrative remedies as to such claims and timely filed this action.

## FIRST CAUSE OF ACTION
## INTERFERENCE IN VIOLATION OF THE
## CALIFORNIA FAMILY RIGHTS ACT
## (Government Code § 12945.2)

12. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

13. Defendant is and was an employer covered by and subject to the California Family Rights Act ("CFRA"), Government Code § 129453.2, which is part of the FEHA.

14. Plaintiff was an employee eligible for protected medical leave under the CFRA for her serious health condition that required intermittent time off work. Plaintiff satisfied all requirements under the CFRA, including notice and eligibility requirements. Plaintiff requested and took medical leave that was protected under the CFRA.

15. Despite Plaintiff's leave being protected, Defendant took adverse action against

Plaintiff, including, but not limited to, terminating her. Defendant's conduct constituted unlawful interference with Plaintiff's rights under the CFRA.

16. In engaging in the aforementioned conduct, Defendant aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the FEHA, CFRA, and the announced policy of this State against such practices.

17. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, including but not limited to general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

18. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code § 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

19. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

### SECOND CAUSE OF ACTION

### UNLAWFUL RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT
### (Government Code § 12945.2)

20. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set fort here in full.

21. Defendant is and was an employer covered by and subject to the California Family Rights Act ("CFRA"), Government Code § 129453.2, which is part of the FEHA.

22. Plaintiff was an employee eligible for protected family and medical leave under

the CFRA. Plaintiff satisfied all requirements under the CFRA, including notice and eligibility requirements. Plaintiff engaged in protected activities under the CFRA including requesting and taking family and medical leave under the CFRA.

23.     Despite Plaintiff's leave being protected, Defendant took adverse action against Plaintiff, including, but not limited to, terminating her. Defendant's conduct constituted unlawful interference with Plaintiff's rights under the CFRA.

24.     In engaging in the aforementioned conduct, Defendant, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the FEHA, CFRA, and the announced policy of this State against such practices.

25.     As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, including but not limited to general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

26.     The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code § 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

27.     As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### FOR DISABILITY DISCRIMINATION
### (Government Code § 12940(a))

28.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set fort here in full.

29. At all relevant times, Plaintiff had one or more disabilities and/or medical condition(s), had a history of one or more disabilities and/or medical condition(s), and/or was perceived or regarded as having one or more disabilities and/or medical condition(s) that constituted protected characteristics under the FEHA. Notwithstanding her disabilities, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

30. Defendant knew of Plaintiff's disabilities and/or medical condition, and knew or should have known that Plaintiff's disabilities and/or medical condition fell within the definition of a disability under the FEHA, and that Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

31. Despite the knowledge of the foregoing, Defendant took adverse action against Plaintiff, including, but not limited to, by terminating her. Plaintiff's disability was a substantial motivating reason for Defendant's actions.

32. By engaging in this conduct, Defendant aided, abetted, incited, participated in, coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

33. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

34. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

35. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE DISABILITY**
**(Government Code § 12940(m))**

36. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth her in full.

37. Defendant knew, or should have known, of the need to accommodate Plaintiff's disabilities and/or medical condition(s). Defendant also knew that Plaintiff could perform the essential functions of her job with or without reasonable accommodations.

38. In doing the things herein alleged, Defendant violated California's Fair Employment and Housing Act, including, but not limited to, Government Code section 12940(m), by failing to make reasonable accommodation for Plaintiff's disabilities and/or medical condition(s).

39. By engaging in this conduct, Defendant aided, abetted, incited, participated in coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

40. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

41. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

42. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

///

**FIFTH CAUSE OF ACTION**
**RETALIATION FOR REQUESTING ACCOMMODATION OF DISABILITY**
**(Government Code § 12940(m))**

43. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

44. Pursuant to Government Code section 12940(m)(2), it is unlawful "[f]or an employer or other entity covered by this part to. . . retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

45. Defendant retaliated against Plaintiff, including, but not limited to, by terminating her, because she requested accommodations for her disability.

46. By engaging in this conduct, Defendant aided, abetted, incited, participated in, coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

47. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

48. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

49. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

///

## SIXTH CAUSE OF ACTION
## FAILURE TO ENGAGE IN TIMELY, GOOD FAITH INTERACTIVE PROCESS
### (Government Code § 12940(n))

50. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

51. Defendant knew, or should have known, of the need to accommodate Plaintiff's disabilities and/or medical condition(s), including the need to engage in the interactive process to determine how to achieve a reasonable accommodation for Plaintiff. However, Defendant failed and refused to engage in the interactive process with Plaintiff.

52. Instead of engaging in the interactive process, Defendant took adverse action against Plaintiff and failed to reasonably accommodate her disabilities.

53. By engaging in this conduct, Defendant aided, abetted, incited, participated in coerced, and/or compelled unlawful employment practices in violation of the FEHA and the announced public policy of this State against such practices.

54. In doing the things herein alleged, Defendant violated California's Fair Employment and Housing Act, including, but not limited to, Government Code section 12940(n), by failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations with respect to the disabilities and/or medical condition(s) from which she suffered.

55. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

56. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at time of trial.

57. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
### IN VIOLATION OF LABOR CODE § 2802

58. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

59. At all times herein set forth, Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures.

60. Plaintiff incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including and without limitation, purchases made on her personal credit card.

61. Defendant has intentionally and willfully failed to fully reimburse Plaintiff for necessary business-related expenses.

62. Plaintiff is entitled to recover from Defendant business-related expenses which she incurred during the course and scope of her employment, plus interest, and an award of costs and reasonable attorney's fees pursuant to Labor Code section 2802.

### EIGHTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
**(Against all Defendants)**

63. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

64. By terminating Plaintiff as alleged herein, Defendant violated the well-established, substantial and fundamental public policies stated below.

65. The Fair Employment and Housing Act delineates public policy of the State of

California against disability and/or medical condition discrimination in employment, as one expression of a broad policy against disability and/or medical condition discrimination that appears in a variety of legislative enactments. (*See, e.g., Civ. Code* §§ 51, 54 (barring disability discrimination in public accommodations); *Gov. Code* §§ 11135 (barring disability discrimination in state-funded programs); 19230 (declaring state policy to encourage disabled persons to participate in the social and economic life of the state); and 19702 (barring disability discrimination in state civil service employment). This policy inures to the benefit of the public because (1) any member of the public may develop a disability and become the victim of disability discrimination, (2) the public at large benefits from the productivity of disabled employees, and (3) any type of invidious discrimination foments strife and unrest. The policy against disability discrimination has been included in the FEHA since July 1, 1974, and therefore is well established, substantial and fundamental.

66. Defendant's termination of Plaintiff was in violation of the public policies stated above.

67. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

68. The above-described acts of Defendant, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of California Civil Code section 3294.

69. Plaintiff requests an assessment of punitive damages against Defendant in an amount to be proven at time of trial.

WHEREFORE, Plaintiff demands judgment against Defendant, and each of them, for the following:

1. For compensatory and general damages according to proof;

2. For pre-judgment interest to the extent allowed by law;

3. For attorney's fees in prosecuting this action (except on the Eighth Cause of Action);

4. For costs of suit incurred herein;

5. For punitive and/or exemplary damages in an amount necessary to punish Defendant; and

6. For such other and further relief as the Court deems just and proper.

DATED: July 28, 2022     **The Rutten Law Firm, APC**

By: _____
Howard Rutten
Attorney for Plaintiff
PRISCILLA STUEBNER

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

DATED: July 28, 2022            **The Rutten Law Firm, APC**

By: _____
Howard Rutten
Attorney for Plaintiff
PRISCILLA STUEBNER