UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Priscilla Stuebner,<br><br>    Plaintiff,<br><br>    v.<br><br>Central California Baking Company,<br><br>    Defendant. | Case No. 1:22-CV-00939-HBK<br><br>**APPROVED STIPULATED PROTECTIVE ORDER** |

Based upon the stipulation of the parties, and the Court being duly advised; IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES, AND ORDERED BY THE COURT AS FOLLOWS:

1. Any party to this action may designate as confidential any document or testimony sought to be discovered by any other party which is "Confidential Material" as defined by this Order. The terms of this Order shall govern as to all aspects of the procedures to be followed in making or challenging such designations, and the terms, conditions, and restrictions on the use of confidential materials.

2. When used in this Order, the word "documents" includes, but is not limited to: documents produced by any party or non-party in this action; responses

to requests for admission; responses to interrogatories; deposition transcripts and exhibits; and any papers which quote from the foregoing.

3. All documents or testimony designated as confidential in accordance with this Order shall be used solely within the context of this action and for no other purpose, including with regard to other, unrelated litigation or proceedings adverse to the other party in this action.

4. For purposes of this Order, the term "Confidential Material" shall include any documents produced or otherwise exchanged in connection with this action by the parties or by non-parties, which contain or disclose confidential information, proprietary information, trade secrets, business competitive information, business strategy and development, personnel information, medical information, financial information, case management information, law enforcement-related information, medical information, and any other information protected by statute or privilege, or that the designating party desires to be held in confidence and not used for any purpose other than in the context of this case. Either party may designate such documents as confidential by stamping such documents with the notice "CONFIDENTIAL" prior to their production or by otherwise designating in writing such documents as confidential subsequent to their production. Nothing in this paragraph precludes a party from redacting names or other identifying information from documents produced subject to this Stipulated Protective Order.

5. Either party may designate any Confidential Material as "ATTORNEYS EYES ONLY" or "AEO" under the terms of this Order if such party in good faith reasonably believes that such Confidential Material consists of highly sensitive information, the disclosure of which to a party, even subject to the terms governing confidential information under this Order, is likely to cause competitive business injury ("AEO Information").

PAGE 2 – STIPULATED PROTECTIVE ORDER

6. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, any party in this action may designate as "CONFIDENTIAL" or "AEO" that portion of any deposition testimony containing or disclosing confidential material. The reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript as "CONFIDENTIAL" or "AEO," as the designating person may direct. The designating person also may make such a designation after reading the deposition transcript if that person determines that testimony should have been, but was not, designated "CONFIDENTIAL" or "AEO" during the deposition. The designating person shall pay all expenses related to such designation.

7. Confidential documents or testimony may be referred to in motions, briefs and other documents filed with the Court, and may be used in depositions and marked as exhibits in this action, but such documents and testimony must be appropriately marked as confidential. Moreover, nothing in this Protective Order relieves the parties of their responsibility to comply with Local Rule 141 to the extent they wish documents containing confidential information to be filed under seal.

8. Except as set forth above, or with prior written consent of the party or non-party asserting confidential treatment, or as the Court may otherwise order, no document or testimony designated as "CONFIDENTIAL" or "AEO," and no information contained in it or obtained from it, may be disclosed to any person other than:

    a. The Court, its staff, and court reporters;
    b. The parties, counsel for the parties in this action, and their staff;
    c. Independent experts retained by counsel for the parties and their staff;

PAGE 3 – STIPULATED PROTECTIVE ORDER

d. Actual and potential witnesses to the extent necessary to verify or challenge the information; or

e. Employees of copy or database services, and similar support firms, who are engaged by the parties, or either party, during the litigation of this action.

9. Other than Court personnel, each person to whom confidential testimony or documents is disclosed must be informed of this Order, receive a copy of this Order, and comply with its terms. This Court shall have jurisdiction over any proceedings involving alleged improper use or disclosure of the confidential information.

10. This Order shall not prevent the disclosure of documents to the persons who were authors or addressees of the documents or are shown as having received copies of them, nor does this Order apply to testimony or exhibits offered at trial or in depositions, except as limited by paragraph 3.

11. The terms of this Order shall survive and remain in full force and effect after the termination of this case. Within thirty (30) days after final conclusion of all aspects of this dispute, all confidential material and all copies of the same (other than those filed with the Court) shall be securely destroyed by shredding or other secure destruction method, except that counsel for the parties may retain one copy of confidential documents in a secured folder appropriately marked to indicate that such documents are confidential and subject to this Protective Order, provided such documents are destroyed in accordance with such counsel's normal file destruction protocol.

12. The restrictions and obligations relating to documents or testimony designated as confidential in accordance with this Order shall not apply to any document or information which all parties agree to in writing; which the Court rules was known publicly at the time it was produced to the receiving party; which

has since become publicly known through no fault of the receiving party; or which the Court otherwise orders shall be made public.

13. In the event that at any time a party disagrees with the designation of material as confidential under this Order, the parties shall first attempt to resolve the dispute among themselves. If the dispute is not resolved, the designating party must move the Court to review the material no later than ninety (90) days prior to the date set for trial of this matter, unless inconsistent with the District Judge's scheduling order(s), in which case the latter shall govern. Until such time as the Court rules otherwise, the document shall be treated as confidential. Notwithstanding anything to the contrary set forth herein, either party shall have the right to apply to the Court at any time not inconsistent with the District Judge's scheduling order(s) for an order granting other or additional protective relief with respect to any confidential material they produce.

14. This Order shall remain in force and effect until further order of this Court. Insofar as the provisions of this Order restrict the use of confidential information, this Order shall continue to be binding after the conclusion of this litigation to the extent the confidential information is not or does not become known to the public.

15. All parties stipulate to this Protective Order, and consent to their electronic signatures.

**IT IS SO ORDERED.**

Dated:   November 2, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

**IT IS SO STIPULATED:**

DATED: October 18, 2023                    DATED: October 18, 2023

TONKON TORP LLP                            THE RUTTEN LAW FIRM, APC

By: */s/ Megan R. Reuther*             By: */s/ Howard Rutten*
   Megan R. Reuther (SBN 331619)            Howard Rutten (SBN 164820)
                                              Guillermo Navarro Galindo
*Attorneys for Defendant Central              (SBN 332931)*
California Baking Company*
                                           *Attorneys for Plaintiff Patricia
                                           Stuebner*

                                           Signature authorized on Oct. 17, 2023

**Submitted By:**

**TONKON TORP LLP**                        **THE RUTTEN LAW FIRM, APC**
Megan R. Reuther (SBN 331619)              Howard Rutten (SBN 164820)
Direct Dial: 503.802.2174                  Guillermo Navarro Galindo (SBN 332931)
Email: megan.reuther@tonkon.com            Direct Dial: 818.308.6915
1600 Pioneer Tower                         Email: howard@ruttenlawfirm.com
888 S.W. Fifth Avenue                           guillermo@ruttenlawfirm.com
Portland, OR 97204                         Burbank Blvd., Suite 340
                                           Woodland Hills, CA 91367
*Attorneys for Defendant Central
California Baking Company*                 *Attorneys for Plaintiff Patricia Steubner*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **STIPULATED PROTECTIVE ORDER** was served on the following ECF participants by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below:

Howard S. Rutten
Guillermo Navarro Galindo
The Rutten Law Firm
21860 Burbank Boulevard, Suite 340
Woodland Hills, CA 91367
Email:  howard@ruttenlawfirm.com
             guillermo@ruttenlawfirm.com
             liz@ruttenlawfirm.com

*Attorneys for Plaintiff*

DATED:  November 2, 2023.

By: ___*/s/ Megan Holley*___
    Megan Holley
    Legal Assistant
    Tonkon Torp LLP

000632\00335\16614511v1

PAGE 1 - CERTIFICATE OF SERVICE